USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONEFLIGHT INTERNATIONAL, INC.,

        Plaintiff,

-v-

STALLION AVIATION, LLC,

        Defendant.

**ORDER**

24-CV-8381 (JGK) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

    On March 11, 2025, the Court entered a Scheduling Order for Damages Inquest directing Plaintiff to serve Proposed Findings of Fact and Conclusions of Law concerning all injunctive relief, damages, and any other monetary relief permitted under the entry of default judgment, or to advise the Court that Plaintiff would rely on its prior submissions in lieu of Proposed Findings of Fact and Conclusions of Law. ECF No. 27. On May 12, 2025, Plaintiff filed Proposed Findings of Fact and Conclusions of Law Regarding Damages, ECF No. 28, and the Declaration of David Stefanski with attached exhibits, ECF No. 29 ("Stefanski 5/12/25 Decl.").

    "[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), adopted by 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). In the

context of a default, allegations in a pleading pertaining to damages are not deemed admitted. *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (*citing Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted* by 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014).  Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'"  *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2).

Upon review of Plaintiff's submissions, the Court requires additional information to establish damages with reasonable certainty.

Mr. Stefanski states that his declaration is based on his personal knowledge and a review of Plaintiff's corporate records.  *See* Stefanski 5/12/25 Decl. ¶ 1.  However, the Stefanski Declaration does not describe Mr. Stefanski's relationship to Plaintiff and how he has personal knowledge of these facts, including Plaintiff's making of the various payments described in the affidavit.  Further, the Stefanski Declaration does not specify the dates when Plaintiff made its $182,000.00 monthly rent payments to both Defendant and the Lender, respectively, or to which months these payments pertained.

Accordingly, by **October 6, 2025**, Plaintiff is directed to file a supplemental written submission providing the following information:

1. Mr. Stefanski's relationship to Plaintiff and his basis for personal knowledge regarding the facts presented in his declaration.
2. The date of Plaintiff's $182,000.00 monthly payment to Defendant and the period to which the payment pertains.
3. The date of Plaintiff's $182,000.00 monthly payment to Lender and the period to which the payment pertains.

By **October 8, 2025**, Plaintiff is directed to file proof of service on Defendant of a copy of this Order and a copy of its supplemental submission. Defendant's response, if any, is due by **October 22, 2025**.

**SO ORDERED.**

Dated: September 22, 2025
       New York, New York

Henry J. Ricardo
United States Magistrate Judge